UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA and
the STATE OF MICHIGAN, ex rel.,
ASHWANI SHEORAN, RPh,

        Plaintiff-Relator,        Civil Case No. 13-10568
                                          Hon. Linda V. Parker
                                          Mag. Michael Hluchaniuk
v.

WAL-MART STORES EAST, LP, *d/b/a*
WALMART, a foreign corporation,
TOI WALKER, DOUG HENGER,
ALFRED RODRIGUEZ,
RICHARD LOCKARD, M.D.,
NAVEED MAHFOOZ, M.D., and
TAREK EZZEDDINE, M.D.,

        Defendants.
_____/

## **OPINION AND ORDER GRANTING PLAINTIFF-RELATOR'S MOTION TO AMEND/CORRECT THE FIRST AMENDED COMPLAINT (ECF NO. 50)**

### I.    Background

Plaintiff-Relator ("Plaintiff"), Ashwani Sheoran, RPh, on behalf of himself, the United States and the State of Michigan, initiated this lawsuit on February 11, 2013, filing a *qui tam* complaint under seal against Defendants (1) Wal-Mart, (2) Toi Walker, (3) Doug Henger, (4) Alfred Rodriguez, (5) Richard Lockard, M.D., (6) Naveed Mahfooz, M.D., and (7) Tarek Ezzeddine, M.D., for alleged violations

of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, the Fraud Enforcement Recovery Act of 2009 ("FERA"), 31 U.S.C. §§ 3729-3733, the Civil Monetary Penalties Law ("CMPL"), 42 U.S.C. §§ 1320a-7(b)(7) and 1320a-7a, and the Michigan Medicaid False Claims Act ("MFCA"), MCL 400.601 *et seq.*, and for relief from alleged retaliation, 31 U.S.C. § 3730(h). (ECF No. 1.) As a matter of course, Plaintiff filed his First Amended Complaint on April 16, 2013 against the same Defendants and alleging the same claims. (ECF No. 3.) On March 7, 2018, the United States and the State of Michigan jointly elected to decline to intervene in this suit, permitting Plaintiff to maintain the action in the name of the United States and requesting written consent from the Attorney General prior to any grant of dismissal by the Court. (ECF No. 24.)

Presently before the Court is Plaintiff's Motion to Amend/Correct the First Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)(2). (ECF No. 50.) Defendants Wal-Mart Stores East, LP ("Walmart"), Toi Walker, Doug Henger, and Alfred Rodriguez (collectively, the "Walmart Defendants") filed a response on October 23, 2018 opposing Plaintiff's motion to amend. (ECF No. 53.) The Walmart Defendants argue that Plaintiff's motion is unduly delayed, futile, and prejudices them. *Id.* The Walmart Defendants' response includes, in the alternative, a motion to dismiss the second amended complaint. *Id.*

2

The Eastern District of Michigan's Electronic Filing Policies and Procedures Rule 5(f) states that "a response or reply to a motion must not be combined with a counter-motion. Papers filed in violation of this rule will be stricken." The Court will not strike the Walmart Defendants' response in its entirety but will strike the portions related to the counter-motion to dismiss and direct the Walmart Defendants to file their motion to dismiss separately, as mandated by Rule 5(f).

Also, the Court notes that two motions to dismiss--one filed by the Walmart Defendants and another filed by Defendant Richard Lockard, M.D.—remain pending before this Court. (ECF Nos. 40 & 46.)

## II. Applicable Law and Analysis

Plaintiff seeks leave to amend his First Amended Complaint because it was neither unsealed nor served until five years after its filing. (ECF No. 50 at PgID 399.) Additionally, Plaintiff has new counsel and his previous counsel wrote the First Amended Complaint in which Defendants identified deficiencies. (*Id.*) Plaintiff also added exhibits and removed and/or clarified certain claims. (*Id.* at PgID 400.)

First, the Walmart Defendants argue that Plaintiff's Second Amended Complaint is unduly delayed, coming five years after Plaintiff's First Amended Complaint. (ECF No. 53) The First Amended Complaint, however, was unsealed on June 29, 2018. (ECF No. 3.) And the Walmart Defendants filed their motion to

3

dismiss thereafter on August 23, 2018. (ECF No. 40.) Second, they argue that they would be prejudiced by the wasted resources they invested in briefing their pending motion to dismiss. (ECF No. 53.) The Walmart Defendants, however, have already prepared a motion to dismiss Plaintiff's Second Amended Complaint which was combined with its response; consequently, the Court finds their argument unpersuasive. Lastly, the Walmart Defendants argue that the proposed amendment is futile. The Court, however, disagrees and finds that the additional exhibit provides supporting information that bolsters Plaintiff's Second Amended Complaint.

    A Plaintiff is always permitted to amend their complaint, as a matter of course, within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Federal Rule of Civil Procedure 15(a)(2) instructs the Court to "give leave [to amend] freely when justice so requires." Moreover, the Sixth Circuit has permitted amending an amended complaint to permit the inclusion of additional information and supporting documents. *See,e.g.*, *U.S. ex rel. Bledsoe v. Community Health Systems*, 342 F.3d 634 (6th Cir. 2003). Although Plaintiff's motion comes 43 days after the Walmart Defendants' motion to dismiss, the Court does not find the delay to be so unreasonable or the proposed amendment to be so insignificant that it should not be permitted. Neither does the Court find that the Walmart Defendants would be prejudiced by granting the amendment. For these

reasons, the Court will grant Plaintiff leave to amend his First Amended Complaint.

The filing of the amended complaint renders the original complaint null and void; accordingly, any motion to dismiss the original complaint would be rendered moot. *Glass v. the Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008) (quotation marks and citations omitted). As such, the Court will deny as moot Defendants' pending motions to dismiss.

### III. Conclusion

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion to Amend/Correct the First Amended Complaint (ECF No. 50) is **GRANTED**;

**IT IS FURTHER ORDERED**, that the Walmart Defendants' response that combines a counter-motion to dismiss is **STRICKEN**, in part, in accordance with the instant order and pursuant to Electronic Filing Policies and Procedures Rule 5(f); and

**IT IS FURTHER ORDERED**, that Defendants' Motions to Dismiss (ECF Nos. 40 & 46) are **DENIED** as moot.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: December 4, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 4, 2018, by electronic and/or U.S. First Class mail.

                                                   s/ R. Loury
                                                   Case Manager