UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA and
the STATE OF MICHIGAN, ex rel.,
ASHWANI SHEORAN, RPh,

        Plaintiff-Relator,        Civil Case No. 13-10568
                                                 Hon. Linda V. Parker

v.

WAL-MART STORES EAST, LP, *d/b/a*
WALMART, a foreign corporation,
TOI WALKER, DOUG HENGER,
ALFRED RODRIGUEZ,
RICHARD LOCKARD, M.D.,
NAVEED MAHFOOZ, M.D., and
TAREK EZZEDDINE, M.D.,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF-RELATOR'S MOTION FOR RECONSIDERATION (ECF NO. 70)

Plaintiff-Relator Ashwani Sheoran, RPh ("Relator"), on behalf of himself, the United States and the State of Michigan, initiated this lawsuit on February 11, 2013, by filing a *qui tam* complaint under seal against Defendants Walmart, Toi Walker, Doug Henger, and Alfred Rodriguez (collectively "Walmart Defendants"), as well as Defendants Richard Lockard, M.D., Naveed Mahfooz, M.D., and Tarek Ezzeddine, M.D.  (ECF No. 1.)  On December 7, 2018, Relator filed his Second Amended Complaint ("SAC"), alleging (i) presentation of false claims in violation of the False Claims Act ("FCA") (31 U.S.C. § 3729(a)(1)(A)), Fraud Enforcement

Recovery Act of 2009 ("FERA"), and Michigan Medicaid False Claims Act ("MMFCA"); (ii) a false record or statement material to a false claim in violation of the FCA (31 U.S.C. § 3729(a)(1)(B)), FERA, and MMFCA; (iii) conspiracy to defraud in violation of the FCA (31 U.S.C. § 3729(a)(1)(C)); and (iv) retaliation in violation of the FCA (31 U.S.C. § 3730(h)).  (ECF No. 57.)  The first three claims are against the Walmart Defendants, while the fourth claim is against Walmart only.  (*Id.* at Pg. ID 589-92.)  On March 8, 2018, the Court unsealed the complaints after the United States and the State of Michigan declined to intervene.  (ECF Nos. 24, 25.)  Dr. Lockard and the Walmart Defendants subsequently filed motions to dismiss.  (ECF Nos. 58, 61.)  In an Opinion and Order entered on August 20, 2019, the Court granted both motions.  (ECF No. 68.)

Presently before the Court is Relator's Motion for Reconsideration, in which Relator contends the Court committed palpable error when analyzing his § 3729(a)(1) claims.  (ECF No. 70.)  The motion has been briefed.  (ECF Nos. 72, 73.)  For the reasons that follow, the Court denies the motion.

## LEGAL STANDARD

Local Rule 7.1 provides the following standard of review for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable

2

> implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

## ANALYSIS

In his SAC, Relator alleges three causes of action pursuant to 31 U.S.C. § 3729(a)(1) *et seq*. The applicable provisions impose liability on any person who:

> (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
>
> (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; [or]
>
> (C) conspires to commit a violation of subparagraph (A) [or] (B) . . . .

3

31 U.S.C. § 3729(a)(1).[1]

### *(i) Did Defendants Violate §§ 3729(a)(1)(A) or (B)?*

In his SAC, Relator appears to allege that the Walmart Defendants and Dr. Lockard are liable under §§ 3729(a)(1)(A) or (B) for four reasons: the relevant claims involved (i) "out-of-the-area prescriptions for controlled substances" that were not properly verified; (ii) unauthorized entry of non-pharmacy [Walmart] employees in the Pharmacy; (iii) faxed prescriptions bearing a physician's unverified electronic signature, which the law prohibits as it concerns controlled substances found on Schedules III-V; and (iv) prescriptions that contained a "excessively high" quantity of controlled substances, which "if actually taken would kill the person" and "indicat[ed] illegal diversion activities." (ECF No. 57 at Pg. ID 574, 577, 582, 590.)

Regarding the first two allegations, even assuming they are true, Plaintiff does not allege that the conduct led to the submission of requests for anticipated payment to the government. *See* 31 U.S.C. § 3729(a)(1)(A)-(B) (requiring a "false or fraudulent claim"); *see also U.S. ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439, 447 (6th Cir. 2008) ("While [Relator] is correct that we have previously held

---

[1] In 2009, Congress passed the FERA, which amended and renumbered the liability provisions of the FCA. Because Relator's claims in this case involve conduct that occurred after the 2009 amendments, the post-2009 version of the FCA (quoted above) applies.

that proof of 'presentment' is not required for actions under subsections [(a)(1)(B)] and [(a)(1)(C)], . . . we have repeatedly held that proof of a false claim is required.")  For this reason, the conduct outlined in the first two allegations do not make out claims under §§ 3729(a)(1)(A) or (B) as to the Walmart Defendants or Dr. Lockard.

Regarding the third allegation, the Court accepts as true that, in an email from Rodriguez to Henger, Rodriguez conceded "that the investigation into Relator's concerns about 'the validity of prescriptions that appeared to not have an original signature' was validated" and that Walmart "did find that the defined practice of filling prescriptions that are received via fax or e-scribe were not being completed properly."[2]  (ECF No. 57 at Pg. ID 587.)  Still, Relator does not allege that the conduct led to claims for payment that were actually submitted to the government and Relator has not identified a characteristic example of such a claim submitted to the government.[3]  *See* 31 U.S.C. § 3729 (a)(1)(A)-(B) (requiring a

---

[2] Plaintiff relies on a theory of FCA liability commonly referred to as "implied false certification."  (*See* ECF No. 57 at Pg. ID 591.)  Under this theory, "when a defendant submits a claim, it impliedly certifies compliance with all conditions of payment.  But if that claim fails to disclose the defendant's violation of a material statutory, regulatory, or contractual requirement, . . . the defendant has made a misrepresentation that renders the claim 'false or fraudulent.'"  *Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989, 1995 (2016).

[3] According to the SAC, Exhibit A "contains a list of filled prescriptions for one person over the course of five (5) years that if actually taken would kill the person."  (ECF No. 57 at Pg. ID 577.)  Notably, Relator does not allege that (Cont'd . . .)

"false or fraudulent claim"); *see also Chesbrough v. VPA, P.C.*, 655 F.3d 461, 470 (6th Cir. 2011) ("Where a relator alleges a 'complex and far-reaching fraudulent scheme,' in violation of § 3729(a)(1), it is insufficient to simply plead the scheme; he must also identify a representative false claim that was actually submitted.").

Regarding the fourth allegation, Relator argues in his Motion for Reconsideration that the Court overlooked his allegation that the claims associated with the prescriptions detailed in Exhibit A were "false" because the prescriptions contained an "excessively high" quantity of controlled substances, which "if actually taken would kill the person." (ECF No. 70 at Pg. ID 821; *see also* ECF No. 56 at Pg. ID 577.) Even assuming that this allegation is true, Relator's claim fails because he has not plead with particularity a "key fact": "[t]he actual submission of a specific request for anticipated payment *to the government*." *United States ex rel. Prather v. Brookdale Senior Living Communities, Inc.*, 838 F.3d 750, 768-69 (6th Cir. 2016) (emphasis added). Relator argues that Exhibit A contains a list of filled prescriptions, for which the patient paid only $1 to $2. (ECF No. 70 at Pg. ID 823.) Relator contends that an affidavit attached to his Motion for Reconsideration shows that the $1 to $2 charges "mean that Medicare or Medicaid was used." (*Id*.) The affidavit of Amrinder Thind, a pharmacist,

---

Exhibit A lists prescriptions for which Walmart received faxed prescriptions with unverified electronic signatures.

states that "[t]he reason [he] know[s] that Medicare or Medicaid was used is because the prices being charged to the allege patients were around $1-$2" and "[he is] not aware of any other reason for a patient's co-pay to be around $1-$2 except for Medicare or Medicaid usage." (*Id.* at Pg. ID 827.)

Even if the Court were to consider the Thind Affidavit, while the fact that the patient associated with Exhibit A paid $1 to $2 dollars for each filled prescription may suggest that the prescriptions were subsidized, it does not suggest that Medicare or Medicaid—as opposed to, for example, a private insurance company—did the subsidizing. In addition, though Relator may have "observed a log book kept by Walmart that contained over 5,000 records of people who were overprescribed by Dr. Lockard," (*id.* at Pg. ID 821), Relator again fails to allege that any of these 5,000 records are related to submissions of specific requests for anticipated payment *to the government*.

The Sixth Circuit has hypothesized that "the requirement that a relator identify an actual false claim may be relaxed when, even though the relator is unable to produce an actual billing or invoice, he or she has pled facts which support a strong inference that a claim was submitted." *Chesbrough*, 655 F.3d at 471 (citations omitted). As the Sixth Circuit has further explained:

> These cases have suggested that the exception could be applied when a relator alleges specific personal knowledge that relates directly to billing practices. *See Chesbrough*, 655 F.3d at 471. This could include "personal knowledge

7

> that the claims were submitted by Defendants . . . for payment" or other "personal knowledge of billing practices or contracts with the government," *id.* at 471–72 (internal quotation marks omitted), as well as "'personal knowledge' that was based either on working in the defendants' billing departments, or on discussions with employees directly responsible for submitting claims to the government," *United States ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 413 (6th Cir. 2016).

*Prather*, 838 F.3d at 769. Relator does not allege to have personal knowledge of Walmart's billing practices. Thus, Relator's allegations do not meet the requirements of this exception and his claims under §§ 3729(a)(1)(A) and (B) as to Walmart Defendants and Dr. Lockard fail.

### *(ii) Did Defendants Violate § 3729(a)(1)(C)?*

To establish a conspiracy under § 3729(a)(1)(C), the plaintiff must show that the defendant "conspi Amrinder Thind re[d] to commit a violation of subparagraph (A) [or] (B)." Because Relator failed to make out claims under subsections (A) or (B), Relator has failed to plead a conspiracy in violation of § 3729(a)(1)(C) as to Dr. Lockard and the Walmart Defendants. *United States ex rel. Crockett v. Complete Fitness Rehab., Inc.*, 721 F. App'x 451, 459 (6th Cir. 2018) (explaining that the plaintiff's "inability to show that false claims were actually submitted to the government means that her . . . false-claims-conspiracy counts are likewise

subject to dismissal, because the existence of such false claims is a precondition to [this] theory").

## CONCLUSION

Because Relator fails to demonstrate palpable defects the correction of which would result in a different disposition of the case, the Court denies the Motion for Reconsideration.

Accordingly,

**IT IS ORDERED** that Plaintiff-Relator's Motion for Reconsideration (ECF No. 70) is **DENIED**.

**IT IS SO ORDERED**.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: September 28, 2020